IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| ROBERT PERKINS, and § <br> DIANA RICHARDSON § <br> *Plaintiffs* § <br> § <br> v. § <br> § <br> ADAMS TRUCKING, INC., AND § <br> WAYNE A. PILE § <br> *Defendants* § | CIVIL ACTION NO. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, ROBERT PERKINS, and DIANA RICHARDSON (hereinafter referred to as "Plaintiffs"), and files this their Original Complaint complaining of ADAMS TRUCKING, INC., and WAYNE A. PILE (hereinafter referred to as "Defendants") and for cause of action would respectfully show unto the Court as follows:

## I.
## JURISDICTION AND VENUE

(1)     This Court possesses jurisdiction of this case pursuant to 28 U.S.C. §1332(c) (1), based upon the complete diversity of citizenship between the parties, as well as 28 U.S.C. §1332 based upon diversity of jurisdiction and the amount in controversy exceeding $75,000.00, exclusive of interest and costs.  The Plaintiff, ROBERT PERKINS is a citizen of the State of Texas and is a permanent resident at 779 East 16th Street, #9, Mt. Pleasant, Titus County, Texas 75455. Defendant, ADAMS TRUCKING, INC., is a foreign limited liability company, organized and formed in the State of Nebraska, is not a citizen of the State of Texas and has as its principal place of business 1655 Industrial Avenue, Sidney, NE 69162-0000. No

members of ADAMS TRUCKING, INC. are residents of Texas. Defendant, WAYNE A. PILE, is not a citizen of the State of Texas and is a citizen of the state of Nebraska residing at 1029 Deuel Street, Sidney, NE 69162.

(2)  Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. §1391(a), since a substantial part of the events giving rise to this cause of action occurred within this judicial district.

## II.
## PARTIES

(3)  The Plaintiff, ROBERT PERKINS is a resident of Titus County, Texas.

(4)  The Plaintiff, DIANA RICHARDSON is a resident of Morris County, Texas.

(5)  The Defendant, ADAMS TRUCKING, INC. is a foreign Limited Liability Company organized and existing under the laws of Nebraska and is not a citizen of the State of Texas, and is doing business in the State of Texas, and may be served with process by serving them pursuant to the Texas Long Arm Statute §17.044 and §17.045 by serving the Secretary of State of the State of Texas via certified mail, return receipt requested and with instructions that the Secretary of State of the State of Texas shall then forward a duplicate copy of process and the suit papers to its registered agent, Koley Jessen P.C., L.L.O., 1125 South 103rd Street, Suite 800, Omaha, NE 68124 via certified mail, return receipt requested.

(6)  Defendant, WAYNE A. PILE, is an individual residing at 1029 Deuel Street, Sidney, NE 69162, and is at all material times hereto, was and is doing business in the State of Texas as those terms are defined pursuant to §17.041 et sec. of the Tex. Civ. Prac. & Rem. Code. Defendant, WAYNE A. PILE, may be served with process by serving him pursuant to the Texas Long Arm Statute §17.044 and §17.061 of the Texas Civil Practice and Remedies

Code by serving the Chairman of the Texas Transportation Commission via certified mail, return receipt requested and with instructions that the Chairman of the Texas Transportation Commission shall then forward a duplicate copy of process and the suit papers to WAYNE A. PILE via certified mail, return receipt requested to his residence of at 1029 Deuel Street, Sidney, NE 69162.

### III.
### FACTUAL ALLEGATIONS

(7)   On or about February 25, 2023, Plaintiff, ROBERT PERKINS, was operating a 2017 Toyota Yaris bearing VIN #3MYDLBYVXHY15702 and bearing License Plate # JWH5124, owned by DIANA RICHARDSON, and in which DIANA RICHARDSON was a passenger, in a safe and prudent manner while traveling southbound on West Ferguson Road in Mt. pleasant, Titus County, Texas. The Defendant, WAYNE A PILE, an employee of the Defendants, ADAMS TRUCKING, INC. was operating a 2022 Freightliner Tractor Truck bearing VIN # 3AKNGGDRXNSND3848 and bearing Ohio License Plate # 410710 while towing a 2008 Trailer, make and model unknown bearing VIN # 5MC2426278K00913 and bearing Nebraska License Plate # 341231, failed to stay in his lane of traffic, and failed to maintain a proper lookout causing the truck and trailer that he was operating to collide with the vehicle that Plaintiff, ROBERT PERKINS, was operating. As a result of the collision in question, Plaintiffs sustained severe permanent and disabling injuries.

(8)   At the time of the collision in question, the Defendant WAYNE A. PILE was driving with permission, in the course and scope of his employment with his employer, ADAMS TRUCKING, INC..

(9)     At all times relevant to this lawsuit, Defendant's employee, WAYNE A PILE, was operating a "commercial motor vehicle" in "interstate commerce", as per 49 C.F.R. parts 383, 387, and 390-399.

(10)    At all times relevant to this lawsuit, Defendant, ADAMS TRUCKING, INC. was a "motor carrier" as per 49 C.F.R. parts 383, 387, and 390-399.

(11)    At all times relevant to this lawsuit, Defendant, ADAMS TRUCKING, INC. was a "motor carrier" as defined by 49 U.S.C. §13102(14).

(12)    At all times relevant to this lawsuit, Defendant, ADAMS TRUCKING, INC. was an "employer" as defined by 49 C.F.R. §390.5.

(13)    At all times relevant to this lawsuit, WAYNE A. PILE, was an "employee" of Defendant, ADAMS TRUCKING, INC., as per 49 C.F.R. §390.5.

(14)    Further, at the time the accident made the basis of this lawsuit and at all times material hereto, WAYNE A. PILE, was an employee of Defendant, ADAMS TRUCKING, INC., and operating a commercial motor vehicle on behalf of Defendant, ADAMS TRUCKING, INC. under and by the authority of Defendant, ADAMS TRUCKING, INC.'s Federal DOT Number 00310244.

## IV.
## CAUSE OF ACTION: DEFENDANT WAYNE A. PILE

(15)    Plaintiff incorporates by reference paragraphs 1 through 16 above.

(16)    Plaintiff alleges that the Defendant, WAYNE A. PILE through his acts and omissions, was negligent and such negligence was a proximate cause of the injuries in question. Plaintiffs' resulting injuries and damages were proximately caused by one or more of the following acts and/or omissions of negligence on the part of the Defendants:

A. In failing to yield the right of way;
B. In failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances;
C. In failing to make such a timely and proper application of the brakes as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances;
D. In failing to move the vehicle appropriately to avoid the accident made the basis of this lawsuit as would have been made by a person exercising ordinary care and prudence under the same or similar circumstance;
E. In failing to remain in his lane of traffic;
F. In changing lanes when it was unsafe to do so;
G. In traveling at an excessive rate of speed as would have done by a person exercising ordinary care and prudence under the same or similar circumstances;
H. In failing to maintain an assured clear distance between Defendant's vehicle and Plaintiff's vehicle as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances; and
I. Negligent in other respects.

(17)   Defendant's employee, WAYNE A. PILE's acts and/or omissions also breached a legislatively imposed standard of conduct, and thus constituted negligence per se[1]. In this regard, WAYNE A. PILE, violated the standards of conduct set forth in Tex. Trans. Code §545.351 (b), 545.062(a), 545.040(a), 545.103, and 545.101(b). Plaintiff further states that the Defendant's employee, WAYNE A. PILE's acts and/or omissions which constituted negligence per se was a proximate cause of the accident and the injuries in question.

## V.
## CAUSE OF ACTION:  DEFENDANT ADAMS TRUCKING, INC.

(18)    Plaintiffs incorporate by reference paragraphs 1 through 17 above.

(19)    Plaintiffs would further show that at the time the accident made the basis of this lawsuit occurred, Defendant WAYNE A. PILE was, and is considered a statutory employee of

---

[1] Plaintiff asserts that in the event any of these allegations and statutes plead do not constitute negligence per se under Texas law, said statutes are being plead for the purpose of setting out the standard of care which the Defendant at all times material hereto, was required to adhere to and a violation of same would have constituted negligence under common law.

Defendants ADAMS TRUCKING, INC. pursuant to 49 §14102 of the United States Code and also per 49 C.F.R. §390.5 and contends that Defendants ADAMS TRUCKING, INC. is vicariously liable for all negligent and grossly negligent acts and/or omissions of their employee driver.

(20)    Plaintiffs would further show that at the time of the accident made the basis of this lawsuit, WAYNE A. PILE, was an employee of Defendant, ADAMS TRUCKING, INC. and acting within the course and scope of his employment for Defendant, ADAMS TRUCKING, INC., and in the furtherance of the business interest and pursuits of said Defendant.  In this regard, Plaintiffs hereby invoke the Doctrine of Respondent Superior and therefore alleges and contends that each negligent act/or omission on the part of WAYNE A. PILE is imputed to Defendant, ADAMS TRUCKING, INC., and Defendant, ADAMS TRUCKING, INC., is vicariously liable for all negligent and grossly negligent acts and/or omissions alleged herein to have been perpetrated by its employee driver.

(21)    Plaintiffs would further show that at the time the accident made the basis of this lawsuit occurred, WAYNE A. PILE, was, and is considered a statutory employee of Defendant, ADAMS TRUCKING, INC. pursuant to Title 49 §14102 of the United States Code and also per 49 C.F.R. §390.5 and contends that Defendant, ADAMS TRUCKING, INC. is vicariously liable for all negligent and grossly negligent acts and/or omissions of its employee driver.

(22)     Plaintiffs would further show that prior to the time the collision occurred, Defendant, ADAMS TRUCKING, INC. was the owner and/or was in possession, custody and control of the truck tractor driven by WAYNE A. PILE, on the date of the accident made the basis of this lawsuit.  On or about February 25, 2023, Defendant, ADAMS TRUCKING, INC., directed WAYNE A. PILE, to use the vehicle in question for the purposes of operating it on the public

streets and highways of Texas and, therefore, WAYNE A. PILE, operated said vehicle with the knowledge, consent and permission of Defendant, ADAMS TRUCKING, INC..

## VI.
## NEGLIGENT AND GROSS NEGLIGENT ENTRUSTMENT

(23)   Plaintiff would further show that Defendant, ADAMS TRUCKING, INC. was the owner and/or was in possession, custody and control of the truck tractor driven by WAYNE A. PILE, at the time of the accident made the basis of this lawsuit. Defendant, ADAMS TRUCKING, INC. was negligent in entrusting the vehicle to WAYNE A. PILE, who was a careless, incompetent and reckless driver.  Defendant, ADAMS TRUCKING, INC. knew or should have known that WAYNE A. PILE, was a careless, incompetent and reckless driver.  ADAMS TRUCKING, INC. was negligent in entrusting the vehicle to its employee, WAYNE A. PILE, which in turn was a proximate cause of the collision and the accident made the basis of this lawsuit and the resulting injuries and damages to Plaintiffs.

## VII.
## NEGLIGENT AND GROSS NEGLIGENT
## HIRING, RETENTION, TRAINING AND CONTROL

(24)   Plaintiffs further allege that Defendant, ADAMS TRUCKING, INC. through its acts and/or omissions, was negligent, and such negligence was a proximate cause of the accident and injuries in question.  Plaintiffs' resulting injuries and damages were proximately caused by one or more of the following acts of negligence on the part of Defendant, ADAMS TRUCKING, INC.:

   a.   In hiring and/or retaining its employee driver;

   b.   In allowing its employee to drive the vehicle in question; and

   c.   In failing to instruct, supervise, and control its employee driver.

## VIII.
## MALICE

(25)     Plaintiffs further allege that Defendant, ADAMS TRUCKING, INC., by and through its acts and/or omissions, and of its employee driver as set out and plead for above and below, exceeded the test for negligence and committed acts and/or omissions of gross negligence that amounted to more than momentary thoughtlessness, inadvertence or error of judgment. Plaintiff alleges that said acts and/or omissions amounted to such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety or welfare of Plaintiffs.  Plaintiffs further allege that the Defendants' acts and/or omissions of gross negligence created an extreme degree of risk to Plaintiffs.  Plaintiffs further allege that the Defendants' acts and/or omissions of gross negligence, when viewed objectively from the standpoint of the Defendants at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of potential harm to others, including Plaintiffs.  Plaintiffs further allege that the Defendants had actual subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety and welfare of Plaintiffs.  In this regard, Plaintiffs therefore seeks punitive and/or exemplary damages.

## IX.
## DAMAGES

(26)     Plaintiffs, ROBERT PERKINS and DIANA RICHARDSON, damages include past, and probable future loss, which includes:

        a. Pain and mental anguish;
        b. Physical and mental impairment
        c. Disfigurement;
        d. Loss of Wages;
        e. Loss of Wage-Earning Capacity; and

   f. Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical, and hospital care, including rehabilitative services and devices.

(27) Plaintiffs respectfully request a trial by jury on all issues.

(28) Plaintiffs seek judgment against Defendants, jointly and severally, for their actual damages set forth above, punitive/exemplary damages together with pre-judgment and post-judgment interest at the legal rate, cost of court, and such other relief to which Plaintiff may be justly entitled.

        Respectfully submitted,

        s/*Joe M. Worthington*
        Jimmy M. Negem, Sr.
        State Bar No. 14865500
        Joe M. Worthington
        State Bar No. 22009950
        Jimmy M. Negem, Jr.
        State Bar No. 24115371
        Nicholas M. Negem
        State Bar No. 24123713
        Negem & Worthington
        1828 E SE Loop 323
        Suite R – 1A
        Tyler, Texas 75701
        903.595.4466 (telephone)
        903.593.3266 (facsimile)
        Joe@Negemlaw.com

        ATTORNEYS FOR PLAINTIFF